# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOLEM, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3301 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court are (1) a motion to file a sur-reply filed by plaintiff Jolem, LLC ("Jolem") (Dkt. 21); (2) a motion to dismiss filed by defendants U.S. Bank National Association, as trustee for J.P. Morgan Acquisition Trust 2006-WMC4, Mortgage Electronic Registration Systems, Inc., and Select Portfolio Servicing, Inc. (collectively, "Defendants") (Dkt. 15); and (3) a motion for leave to amend by Jolem (Dkt. 19).

With regard to the motion to file a sur-reply, Jolem filed this motion on May 1, 2015, and Defendants have not filed a response. Under the Local Rules of the Southern District of Texas, Jolem's motion will therefore be treated as unopposed. S.D. Tex. Loc. R. 7.4. Having reviewed the motion and the applicable law, the court finds that the motion should be GRANTED.

With regard to the motion to dismiss and motion to amend, having reviewed the motions, related filings, and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED and the motion to amend should be DENIED.

## I. BACKGROUND

Jolem is the current mortgagor of real property located at 1435 Crescent Oak Drive, Missouri City, Texas 77439 (the "Property"). Dkt. 14. Defendant U.S. Bank ("USB") is assignee of the deed

of trust on the Property, seeking to foreclose.  Dkt. 14.  Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is named beneficiary and nominee for the original lender, WMC Mortgage Corp. ("WMC"), and its successors and assigns.  Dkt. 14, Ex. 1.  Defendant Select Portfolio Services, Inc. is the servicer for USB.  Dkt. 15 at 3.

On about September 20, 2006, the original purchaser, Eddie L. Watson, executed a note (the "Watson Note") and a deed of trust (the "Watson Deed") securing an interest in the Property from original lender WMC.  Dkt. 14, Ex. 1.  The Watson Deed identifies MERS, a book-entry system commonly used by lenders to track mortgages, as "nominee for Lender and Lender's successors and assigns," and also recognizes MERS as a beneficiary.  *Id*. at 2.  Under the Watson Deed, MERS is given broad authority to exercise the interests of WMC, including the right to foreclose and sell the Property, and to release or cancel the security instrument.  Dkt. 14, Ex. 1.  The Watson Deed was also subject to the Planned Unit Development Rider, which made the Property subject to dues and assessments by the homeowner's association.   Dkt. 14, Ex. 1.

The assignment of the deed of trust occurred on June 25, 2012, from MERS to U.S. Bank National Association ("USB").  Dkt. 14, Ex. 2.  The assignment states that MERS, as nominee for the original lender, WMC, "does convey, grant, sell, assign, transfer and set over the described Deed of Trust with all interests secured thereby, all liens, and any rights due or to become due thereon, to U.S. Bank National Association. . . ," as Trustee for the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4. Dkt. 14, Ex. 2.

On August 6, 2013, the Lake Olympia Civic Association ("the Association") foreclosed on the property due to the Watson's default in payments due to the Association. Dkt. 14, Ex. 3. Jolem was the highest bidder at the foreclosure sale, receiving the Property "for the sum of $10.00 and other valuable consideration. . . 'as is'. . . taken subject to taxes and any superior lien. . . . " *Id*. There

2

are no allegations regarding if or when Jolem made any payments on the Watson Note. About a year after Jolem purchased the Property, on September 25, 2014, SPS as "appointed substitute Trustee" for USB posted a Notice of Substitute Trustee's Sale of the Property for Jolem's default on the Watson Note. Dkt. 14, Ex. 4.

Around November 3, 2014, Jolem filed its original petition in the 400th Judicial District Court of Fort Bend County, Texas. Dkt. 14 at 6. A temporary restraining order was granted. *Id*. Defendants removed the case to this court on or about November 18, 2014. Dkt. 14 at 7.

Jolem challenges the foreclosure on the grounds that the June 25, 2012 assignment by MERS to USB is invalid, or void, because USB was never properly assigned ownership of the Watson Note or Watson Deed. Dkt. 14 at 2. Jolem further contends that foreclosure by SPS on behalf of USB is wrongful because the assignment is invalid. *Id*. Finally, Jolem contends that both USB and MERS violated § 12.003 of the Texas Civil Practice and Remedies Code, entitling Jolem to remedies under the code. *Id*. Jolem asks for relief including: a permanent injunction, a declaration that the transfer assignment is void, and that both USB and MERS violated of § 12.002 of the Texas Civil Practice and Remedies Code. Dkts. 14, 27-29. Jolem also seeks damages, court costs, attorneys' fees, and other appropriate relief. Dkts. 14, 31.

## II. LEGAL STANDARD

" Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale*

3

*Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct. at 1964–65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted).  And, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1965.  The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence.  *Id.* at 1959.

### III.  ANALYSIS

#### A.  Count I: Removing a Cloud Upon Title

Count I of the Jolem's first amended complaint alleges a wrongful cloud on title created by an invalid assignment through failed delivery of the Watson Note and the Watson Deed to USB. Dkt. 14. To make this allegation, Jolem depends upon showing the invalidity of the assignment of the Watson Deed, which occurred on June 25, 2012, from MERS to USB.  Dkt. 14, Ex. 2[1].  Jolem alleges improper assignment by MERS to USB, asserting that this defect in assignment establishes no right for USB to foreclose, couching its challenge as a challenge to chain of title. Dkt. 14 at 4.

"A suit to clear title or quiet title - also known as a suit to remove cloud from title - relies on the invalidity of the defendant's claim to the property."  *Sigaran v. U.S. Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336 at *2 (S.D. Tex. May 29, 2013), *aff'd* 560 F. App'x 410 (5th Cir. 2014)

---

[1] The assignment states that MERS, as nominee for the original lender, WMC, "does convey, grant, sell, assign, transfer and set over the described Deed of Trust with all interests secured thereby, all liens, and any rights due or to become due thereon, to U.S. Bank National Association. . . ." Dkt. 14 at 20.

(quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).  A cloud on title exists when "an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  The plaintiff has the burden of supplying the proof necessary to establish "superior equity and a right to relief" and must establish as a matter of law that the "adverse claim is a cloud on the title that equity will remove." *Sigaran*, 2013 WL 2368336, at *2.

Jolem argues that it has standing under Texas law to challenge the assignment on any ground that renders the assignment void or invalid.  Dkt. 14.  Jolem asserts a number of claims that it argues would make the assignment void:1) that MERS did not have authority under Texas law to execute the assignment (Dkt. 14 at 13); 2) that the assignment by MERS is void because the signature is a forgery (Dkt. 14 at 16); 3) that the assignment violates the trust's Pooling Services agreement ("PSA") because it occurred more than ninety days after the closing date (Dkt. 14, ¶37); and 4) that the Watson Note was never assigned to the Trustee under the terms of the assignment because the assignment's language transfers only the Watson Deed (Dkt. 14 at 20).  Jolem contends New York trust law controls its claim that the assignment violates the PSA.  Dkt. 14.

Jolem is correct in alleging that under Texas law, an obligor has standing to defend against an assignment on grounds that would render that assignment void. Dkt. 14 at 2; *see, e.g., Reinagel v. Deutsche Bank*, 735 F.3d 220, 225 (5th Cir. 2013) (citing *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.3d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.)). However, standing is not supported on grounds that would only render an assignment voidable at the election of the assignor. *Reinagel*, 735 F.3d at 225; *see also Vazquez v. Deutsche Bank Nat'l Trust Co.,* 441 S.W.3d

783, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet. h.) (affirming that standing by a mortgagor against an assignee exists if the petition includes allegations which, if true, would render the assignment void). Jolem's claims can thus survive only if the alleged defects would render the assignment void.

### 1. MERS's Authority to Execute the Assignment

First, Jolem alleges that MERS did not have authority to execute the assignment because the assignment purports to assign the beneficial interest of the Watson Deed to USB in its own name. Dkt. 14 at 16-17. Essentially the allegation is that MERS is merely a third party to the Watson Deed, and as such lacks authority to assign the Watson Deed on behalf of the lender, WMC. Dkt. 14 at 13-14. However, Jolem admits that the Watson Deed names MERS as a *beneficiary* to the Watson Deed. Dkt. 14 at 13. Notwithstanding MERS's status under the deed, Jolem alleges that nothing in the laws of Texas permits MERS to assert a beneficial interest in the Watson Note or Deed. Dkt. 14 at 14.

This argument is foreclosed by Fifth Circuit precedent and Texas law. As a mortgage servicer, MERS has authority under the Texas Property Code to administer the foreclosure of property on behalf of a mortgagee. Tex. Prop. Code Ann. § 51.0025 (West 2007); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Further, under § 51.0001(4), MERS qualifies as a mortgagee because of its status as a book entry system, and SPS on behalf of USB, qualifies as a mortgagee with the right to foreclose as long as the assignment is valid.[2] Tex. Prop. Code § 51.0001(4) (West 2007). Under the Fifth Circuit's reasoning, the Texas Property Code

---

[2] Tex. Prop. Code Ann. § 51.0001(4) states: "Mortgagee means:
    (A) the grantee, beneficiary, owner, or holder of a security instruments;
    (B) a book entry system; or
    (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record"

permits MERS as a valid mortgagee to either: 1) grant a mortgage servicer the authority to foreclose, or 2) to foreclose itself. *Martins,* 722 F.3d at 255; *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("Our holding in *Martins* permits MERS and its assigns to bring foreclosure actions under the Texas Property Code.").

Notwithstanding this reasoning, Jolem contends that MERS had no authority because it designated itself as beneficiary, grantor, grantee, lender, and holder or owner of promissory deeds and notes. Dkt. 14 at 15. Jolem relies on *Nueces County, Texas v. MERSCORP Holdings, Inc.*, a case interpreting § 12.002 of the Texas Civil Practices and Remedies Code. Dkt. 14 at 14. However, as noted by the Northern District of Texas, "the *Nueces County* decision was issued prior to the Fifth Circuit's statements in *Reinagel*." *Dallas County, Texas v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 951 (N.D. Tex. 2014). Moreover, it is distinguishable. In *Nueces*, Nueces County complained of a scheme by MERS to avoid recording fees through clever use of the county's tracking system. *Nueces*, 2013 WL 335948, at *1. The county provided substantial allegations to raise its claim to a level of plausibility, including: explaining the way the recording system worked and alleging in detail how MERS's actions affected the county's system adversely. The court in *Nueces* concluded that under Texas law it was "not fraudulent for lenders to designate MERS as the mortgagee in a deed of trust for the purpose of MERS serving as an agent or nominee of the lender and its successors and assigns." *Nueces*, 2013 WL 3353948, at *4. However, the court determined that if MERS goes beyond designating itself as mortgagee and files *deeds* naming itself as beneficiary "for the purpose of being designated the grantee/grantor on thousands of mortgages in the County's real property records," then that is at least a plausible claim under § 12.002. *Id.* Here, MERS did not insert itself into the deed of trust, it was designated as beneficiary in an instrument

7

approved by WMC and Watson, who signed the Deed.  Dkt. 14, Ex. 1.  The deed was filed by Fidelity National Trust, not MERS.  *Id.*  Thus, *Nueces* does not support Jolem's argument.

**2. Forgery**

Jolem asserts that the signature of Shequita Knox—MERS's officer executing the assignment—is a forgery, restating the text from the Texas Penal Code[3] in order to make the assertion.  Dkt. 14 at 16.  Jolem's conclusory allegations against Shequita Knox's authority to execute the assignment on behalf of MERS are insufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Jolem has produced a facially valid assignment signed by Shequita Knox as Vice President of MERS as nominee for WMC, its successors and assigns.  Dkt. 14, Ex. 2. Jolem acknowledges the assignment is facially valid.  Dkt. 14 at 7.  The assignment was recorded in the Official Public Records of Fort Bend County, Texas, on July 13, 2012. Dkt. 14, Ex. 2. Jolem's assertions about forgery amount to little more than a "threadbare recital. . .supported by mere conclusory statements" which the Supreme Court has rejected as failing to show more than a "mere possibility of misconduct."  *Iqbal,* 556 U.S. at 678.

Further, under Texas law and Fifth Circuit precedent, Jolem has no standing to assert a challenge to Knox's authorization as agent of MERS on behalf of WMC.  *Reinagel*, 735 F.3d at 226 (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926-27 (Tex. 1976) ("a deed [executed by a person fraudulently misrepresenting his agency] is valid and represents prima facie evidence of title until

---

[3] Tex. Penal Code §32.21(a)(1) states, in part;
      For purposes of this section:
          (1) "Forge" means:
               (A) to alter, make, complete, execute, or authenticate any writing so that it purports:
                    (i) to be the act of another who did not authorize that act.

8

there has been a successful suit to set it aside. . . [which] can only be maintained by the defrauded [principal].")) Such an act merely renders the assignment voidable at the election of the defrauded principal—in this case—WMC.  *Id.*  As such, Jolem's conclusory allegation is not sufficient to challenge the assignment, and it has no standing to assert the claim.

### 3. Violation of the PSA and the Allegedly Improper Transfer Under the PSA

Jolem claims that the assignment of the Watson Deed to USB violated the PSA.  Dkt. 14. It points out that the PSA specified that the Trust's closing date would be December 20, 2006, but that the Deed was not assigned to USB until June 25, 2012.  *Id.*  Jolem urges this court to apply New York law to the question of standing and hold that it has standing to challenge the assignment of its loan because the assignment was void under New York law.  Dkt. 14.  However, under either New York or Texas law, Jolem does not have standing to challenge violations of the terms of the PSA.

The Fifth Circuit, in a recent decision, discussed whether mortgagors like Jolem have standing under Texas law to challenge assignments that violate a trust's PSA.  *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013).  The borrowers in *Reinagel* argued that both of the assignments of their mortgage to Deutsche Bank occurred after the closing date specified by the PSA.  *Id*. at 223.  The Fifth Circuit reasoned that under Texas law, the borrowers—who were not parties to the PSA—had "no right to enforce its terms unless they [we]re its intended third-party beneficiaries." *Id*. at 228; *see also Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894 (Tex. 2011) (discussing the law governing third party beneficiaries in Texas).  The borrowers failed to state any facts that showed the parties to the PSA intended to benefit them, and further, even if they were intended third-party beneficiaries, that status would "merely entitle the [mortgagors] to sue for breach of the PSA," not render the assignments void.  *Reinagel*, 735 F.3d at 228; *see also*

9

*Khan v. Wells Fargo Bank, N.A.*, No. H-12-1116, 2014 WL 200492 at *9 (S.D. Tex. Jan. 17, 2014) (citing *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013)).

Jolem makes a nearly identical assertion to the *Reinagel* plaintiffs—arguing that the assignment occurred after the closing date, in violation of the PSA. Dkt. 14. As alleged in the amended complaint, the PSA provides that no loans could be transferred into the trust after December 20, 2006. Dkt. 14 at 11. However, like the borrowers in *Reinagel*, Jolem fails to allege it is an intended third-party beneficiary to the PSA. Further, under the Fifth Circuit's interpretation of Texas law, Jolem is not a third-party beneficiary to the PSA, and even if it were, this status would not render the assignment void, but merely give Jolem status to sue for breach of the PSA, a claim it does not make. *See Reinagel*, 735 F.3d at 228. Thus, as a matter of Texas law, Jolem lacks standing to challenge the assignment for violation of the terms of the PSA. *See also Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976) (holding that a contract executed by a person falsely claiming to be a corporate officer is voidable by the defrauded corporation).

Even if one were to apply New York law, Jolem would not have standing to challenge the assignment of the Watson Deed. New York trust law provides that "every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and any other provision of law, is void." N.Y. Est. Powers & Ttrusts Law § 7-2.4 (McKinney 2015). Regardless of the use of the term "void," New York courts have treated *ultra vires* actions by trustees as voidable, rather than void. *Mooney v. Madden*, 597 N.Y.S.2d 775 (N.Y. App. Div. 1993) ("A trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement."). Jolem cites a recent New York decision to support its argument that improper trust transfers are void; however the opinion has recently been reversed. *Wells Fargo Bank, N.A. v.*

10

*Erobobo*, No. 31648/2009, 2013 WL 1831799, at *8 (N.Y. Sup. Ct. Apr. 29, 2013), *rev'd,* 127 A.D.3d 1176 (N.Y. App. Div. 2015) (finding mortgagor had no standing to challenge assignee status based on purported noncompliance with PSA provisions) (citing *Bank of N.Y. Mellon v. Gales*, 982 N.Y.S.2d (N.Y. App. Div. 2014); *Rajamin v. Deutsche Bank Nat'l Trust Co.,* 757 F.3d 79 (2nd Cir. 2014).

Additionally, courts have generally criticized *Erobobo's* reasoning, including courts in this district. *See, e.g., Davis v. Countrywide Home Loans, Inc.,* 1 F. Supp. 3d 638, 647 n.8 (S.D. Tex. 2014) (finding that *Erobobo's* holding "does not accurately reflect New York trust law as would be interpreted by the state's court of last resort. . . . ").  Thus, even under New York law, Jolem's allegations regarding PSA violations address voidable acts that plaintiff has no standing to contest. *Rajamin*, 757 F.3d 79, 88 (2nd Cir. 2014) ("[A]n unauthorized act by the trustee is not void but merely voidable by the beneficiary.")

### 4. The Challenge to the Note

Jolem contends that because the assignment transferred by its language only the Watson Deed, without mentioning the Watson Note, the Watson Note was never assigned to the trustee, and therefore the trustee has no power to foreclose.  Dkt. 14 at 20.  Jolem claims that MERS's assignment of the deed is void under the common-law rule that the "assignment of the [mortgage] alone is a nullity."  Dkt. 14 at 20  (quoting *Carpenter v. Longan*, 83 U.S. (16 Wall.) 271, 274 (1872)).  However, *Carpenter* relies on sources outside Texas law, and the Fifth Circuit has rejected both the "split the note" and "show me the note" theories.  *Martins v. BAC Homes Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

In *Martins*, the Fifth Circuit cleared up a split in authority concerning mortgage assignments through the MERS system.  *Martins*, 722 F.3d at 253.  Like Jolem, the plaintiff in *Martins* asserted

that the bank could not foreclose because it was assigned only the mortgage, and not the note, suggesting that the assignment split the note and the deed of trust. *Id*. The Fifth Circuit found that the "weight of Texas authority" suggests that "a mortgage servicer need not own the note and yet would be authorized to administer a foreclosure." *Id*. at 255. MERS's authority to assign the deed also gave it the authority to assign the note under the Texas Property Code. *See* Tex. Prop. Code Ann. §§ 51.0001, 51.0025. (West 2005); *Martins*, 722 F.3d at 255; *see also Carter v. Gray*, 125 Tex. 219, 81 S.W.2d 647, 648 (Tex. 1935); *Morlock, L.L.C. v. Bank of N.Y.,* 448 S.W.3d 514, 518-19 (Tex. App.—Houston [1st Dist.], 2014 pet. filed.) (applying *Carter* and finding that the defendant, by virtue of the chain of assignment of the deed of trust, established its authority as owner of the deed of trust, and thus had authority to foreclose regardless of whether it was also a holder or the owner of the note).

Therefore, the allegation that USB does not possess the note does not prevent it from foreclosing. *Martins*, 722 F.3d at 255. The Watson Deed granted MERS broad authority, including but not limited to, the authority to conduct a foreclosure sale on behalf of the lender and "exercise any or all. . . interests . . . " of the lender. Dkt. 14, Ex 1. Jolem's allegations show that MERS then assigned its rights in the Watson Deed to USB. Dkts. 14, Ex. 1, and Ex. 2. The assignment was recorded in the county's records around July 13, 2012. Dkt. 14, Ex. 2. Thus, USB—as mortgagee through virtue of assignment[4]—was authorized to conduct a foreclosure sale, and under Texas law does not need to possess the note to foreclose. *Morlock*, 448 S.W.3d at 518 ("there is no requirement that the mortgagee possess or produce the note that the deed of trust secures in order to conduct a

---

[4]Tex. Prop. Code Ann. § 51.0001(4)(C) defines "Mortgagee" as "the last person to whom the security interest has been assigned of record."

nonjudicial foreclos[ure]."); *see generally Sigaran v. U.S. Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336 (S.D. Tex. May 29, 2013).

Finally, Jolem contends that neither the Watson Note nor the Watson Deed were delivered to U.S. Bank in accordance with the law of New York, which governs the terms of the PSA. Dkts. 14 at 19, 21. Jolem alleges that the Watson Note was not assigned under the language of the Corporate Assignment of Deed of Trust. Dkt. 14 at 20. Jolem contends that the trustee "can only take delivery in strict compliance with the terms of the PSA/Trust document." *Id.* This assertion amounts to little more than a claim that the method of delivery violates the PSA, which the plaintiff, under Texas or New York law, has no standing to assert. *Reinagel*, 735 F.3d at 228; *see also Rajamin v. Deutsche Bank*, 757 F.3d 79, 87-88 (2nd Cir. 2014); *Mooney v. Madden*, 597 N.Y.S.2d 775 (N.Y. App. Div. 1993). For the same reasons discussed above, Jolem has no standing to challenge the PSA, as Jolem is not a third party beneficiary to the PSA.

Defendants' motion to dismiss Jolem's quiet-title claim and request for declaratory relief is GRANTED. Because Jolem lacks standing to challenge the assignment of the note and deed of trust by MERS to U.S. Bank, and because its challenge to MER's authority fails as a matter of law, Jolem's quiet title claim is DISMISSED WITH PREJUDICE.

**B.  Count II: Wrongful Foreclosure**

In Count II of its first amended complaint, Jolem alleges a claim for wrongful foreclosure based upon allegations of a faulty assignment by MERS to USB. Dkt. 14 at 22. However, Jolem fails to adequately plead wrongful foreclosure, and thus, as a matter of law, its claim fails to be plausible. Three elements are required to plead wrongful foreclosure under Texas law: 1) a defect in the foreclosure sale proceedings; 2) a grossly inadequate selling price; and 3) a causal connection between the two. *Martins,* 722 F.3d at 256 (citing *Charter Nat'l Bank - Hous. v. Stevens*, 781

S.W.2d 368, 371 (Tex. Civ. App.—Houston [14th Dist.] 1989, writ denied)).   With a narrow exception, not applicable here,[5] all three elements are required to adequately state a cause of action for wrongful foreclosure.   *Miller v. BAC Home Loans, Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013).

The court construes Jolem's arguments to revolve around the ability of MERS to assign the Watson Note and Deed.   Dkt. 14 at 23.   Jolem states in its first amended complaint that SPS posted a Notice of Substitute Trustee's Sale ("Notice") on or about September 25, 2014.   Dkt. 14 at 6, Ex. 4.   However, Jolem fails to allege anywhere in the complaint that there is a causal connection between the price and the alleged defect in the sale.   Dkt. 14.   Instead, Jolem's allegations indicate that there was no foreclosure sale based on the September 25, 2014 Notice.   Jolem's application for a temporary restraining order in the 400th District Court of Fort Bend County was granted in November of 2014.   *Id* at 6-7.   Taking the pleaded facts as true, Jolem has not alleged wrongful foreclosure, but *attempted* wrongful foreclosure.   Jolem's claim fails at the outset because an attempted wrongful foreclosure claim is not recognized under Texas law, and a traditional wrongful foreclosure claim is not ripe because Jolem remains in possession of the Property.   *See Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no writ) (finding no supporting authority for an attempted wrongful foreclosure claim under Texas law); *Ayers v. Aurora Loan Servs.*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011) ("Plaintiff has not alleged an actual violation of the Texas Property Code because no foreclosure sale has occurred.").

---

[5] *See Miller v. BAC Home Loans, Servicing, L.P.,* 726 F.3d 717, 726 (5th Cir. 2013) (recognizing a particularized exception where plaintiff may avoid showing a grossly inadequate selling price if he alleges mortgagor deliberately "chilled" the bidding at the sale).

As a result, Jolem has not alleged facts showing that this claim is plausible.  Defendants'

motion to dismiss the wrongful foreclosure claim is GRANTED, and Jolem's claim of wrongful

foreclosure is DISMISSED without prejudice.

## C.  Count III: § 12.002 Violation - The Fraudulent Lien Claim

In its final count, Jolem alleges a fraudulent lien claim under Tex. Civ. Prac. & Rem. Code

§ 12.002[6] against Defendants.  Dkts. 14, at 2, 24.  Two allegations are asserted.  First, Jolem alleges

that MERS made, presented, or used the Watson Deed with knowledge that the document was a

fraudulent lien or claim against real property or an interest in real property.  Dkt. 14 at 25.  Second,

Jolem alleges that USB made, presented, or used the assignment of deed of trust with knowledge that

the document was a fraudulent lien or claim against real property.  Dkt. 14 at 25.

Defendants assert in their reply that § 12.002 does not apply to assignments and as such, the

claim should be dismissed.  Dkt. 15.  The court acknowledges there is a split in authority regarding

---

[6] Tex. Civ. Prac. & Rem. Code Ann. § 12.002 (West 2009) states:
    (a) A person may not make, present, or use a document or other record with:

        (1) knowledge that the document or other record is a fraudulent court record or a
        fraudulent lien or claim against real or personal property;

        (2) intent that the document or other record be given the same legal effect as a court
        record or other document of a court created by or established under the constitution or
        laws of this state or the United States or another entity listed in Section 37.01, Penal
        Code, evidencing a valid lien or claim against real or personal property or an interest in
        real or personal property; and

        (3) intent to cause another person to suffer:

            (A) physical injury;

            (B) financial injury; or

            (C) mental anguish or emotional distress.

whether assignments constitute a "lien or claim" under § 12.002, but does not address it, as Jolem's claims should be dismissed on other grounds.[7]

Jolem conclusorily alleges that MERS intended to cause Plaintiffs to suffer financial injury, mental anguish, or emotional distress.  Dkt. 14 at 26.  This is a restatement of the language of § 12.002 and does not meet the pleading standard.  *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").  Jolem fails to allege any facts tending to show intent on the part of Defendants such that its claim could rise above the level of plausibility. Where a plaintiff alleges no facts to show that defendant acted with "intent to cause [plaintiff] 'financial injury' or 'mental anguish,' rather than just for 'business purposes,'" the Fifth Circuit has found such allegations are insufficient to allege intent to injure.  *See Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (citing *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 327 (5th Cir. 2014); *Nguyen v. Nat'l Mortg. Ass'n*, 958 F. Supp. 2d 781, 794 (S.D. Tex. 2013) (granting summary judgment where evidence failed to support the allegation of defendants' intent to cause injury)).

Through Jolem's own presentation of the facts, the assignment occurred before Jolem ever purchased the property.  Dkt. 14 at 6.  Based on this representation, it is implausible that Defendants' execution of the assignment evinces intent to harm Jolem.  Therefore, the complaint fails to establish a right to relief that rises "above the speculative level."  *Twombly*, 550 U.S. at 555.  Defendant's motion to dismiss the § 12.002 claim is GRANTED.  Jolem's claim for violation of § 12.002 is DISMISSED WITH PREJUDICE.

---

[7] *Compare Marsh v. J.P. Morgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 813 (W.D. Tex. 2012) (interpreting § 12.002 and finding an assignment does not "purport to create a lien or claim" but rather transfers an existing lien from one entity to another); *and Garcia v. Bank of New York Mellon*, No. 3:12-CV-0062-D, 2013 WL 692099 (N.D. Tex. Mar. 5, 2012), *with  Bernard v. Bank of Am., N.A.*, 2013 WL 441749 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) (allowing a § 12.002 claim by the bank, challenging mortgagors' substitution of trustee under the deed), *and Kingman Holdings, LLC v. Citimortgage, Inc.*, No. 4:10-CV-619, 2011 WL 1883829 at *5-6 (E.D. Tex. Apr. 21, 2011).

## IV.  MOTION TO AMEND

Jolem moves, in the alternative, to amend.  However, under the facts alleged in the complaint and the law outlined above, amendment would be futile.  Accordingly, Jolem's motion for leave to amend is DENIED.

## V. CONCLUSION

Jolem's motion to file a sur-reply is GRANTED.  Jolem's motion to amend is DENIED. Defendants' motion to dismiss on all counts is GRANTED.

Counts I and III of Jolem's amended complaint are DISMISSED WITH PREJUDICE.  Count II is DISMISSED WITHOUT PREJUDICE.  A final judgment will issue concurrently with this order.

Signed at Houston, Texas on June 18, 2015.

Gray H. Miller
United States District Judge

17